CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of the Town of New Roads, defendant-appellee, and against the Pointe Coupee Electric Membership Corporation, plaintiff-appellant, rejecting appellant’s demand for a preliminary injunction enjoining and prohibiting the Town of New Roads from constructing or extending its electrical services in an area west of the corporate limits of the Town of New Roads, an area served by the appellant; dissolving a temporary restraining order to the above effect and dismissing appellant’s suit.
In April, 1966, the appellant constructed a 13.2KV distribution line along La. 3131 with the intention of providing electrical service for the area. This area is just west of the corporate limits of the Town of New Roads. Construction of the Acadian Village Shopping Center was begun in this area in 1974. Temporary electrical service for the construction of this development was provided by the appellant on August 4, 1974. The appellant completed on November 16, 1974, an underground line intended to provide permanent electrical service to the shopping center. This line was constructed without the permission of the landowner.
On November 22, 1974, in response to a request by the owner of the shopping center, the Town of New Roads completed an overhead line intended to provide the shopping center with permanent electrical service.
The appellant on November 29, 1974, filed a petition for injunctive relief alleging that the construction of the overhead line by the appellee was in violation of R.S. 45:123 and should be prohibited. The ap-pellee on January 9,1975, filed an exception of no cause and no right of action. On January 29, 1975, the appellant applied for and was granted a temporary restraining order prohibiting the appellee from providing electrical service in the area served by the appellant.
The District Court on July 28, 1975, following a trial on the merits, rendered judgment in favor of the appellee and against the appellant dissolving the temporary restraining order, denying appellant’s demand for an injunction and dismissing appellant’s suit. It is this judgment which has been appealed.
The errors assigned by the appellant are: “I. The trial judge erred in holding LSA-R.S. 45:123 inapplicable to the facts of this case.
“II. The trial judge erred in failing to invoke and apply the court’s inherent equity powers against the Town of New Roads to prohibit the Town from extending its electric facilities beyond its corporate limits, interfering with the franchise and property rights of plaintiff, and taking plaintiff’s rights and property without just compensation.”
R.S. 45:123 provides in part:
“No electric public utility shall construct or extend its facilities, or furnish, or offer to furnish electric service to any point of connection which at the time of the proposed construction, extension, or service is being served by, or which is not being served but is located within 300 feet of an electric line of another electric public utility, except with the consent in writing of such other electric public utility; .
*263 “The provisions of this section shall not apply to municipally-owned or operated utilities of the State of Louisiana or to the parish of Orleans. Nothing in R.S. 45:121, 45:123, 45:1161, 45:1175 or R.S. 12:426 shall alter the rights or authority of municipalities with respect to franchises.”
It is apparent on the face of the statute that the above article does not apply to a utility owned and operated by the Town of New Roads.
The appellant’s contention, that a municipally-owned or operated utility operating outside of the municipality’s boundaries is not considered municipally-owned or operated for the purposes of the above statute, is without merit. Under R.S. 33:4162 a municipal corporation may operate and maintain any revenue producing public utility within or without its boundaries. The appellee may extend its electrical service beyond its boundaries and, when the appel-lee does so extend its service beyond its boundaries, it is not governed by the provisions of R.S. 45:123.
The franchise granted to the appellant by the Pointe Coupee Parish Police Jury was not an exclusive franchise. Franchise Granted to Pointe Coupee Electric Membership Corporation, Section VII. In extending its electrical service into the area west of its corporate limits, the appellee did not deprive the appellant of any right or property.
For the above reasons, the judgment of the District Court is affirmed at appellant’s cost.
AFFIRMED.